1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JOHN GONZALES JOSEPH,

10              Petitioner,                 No.  CIV S-11-0260 GGH P

11        vs.

12   GARY SWARTHOUT,

13                                          ORDER &
                  Respondent.              FINDINGS AND RECOMMENDATIONS
14   _____/

15              Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

16   corpus pursuant to 28 U.S.C. § 2254.  Petitioner was sentenced to a term of sixteen years to life

17   with the possibility of parole in 1997, having been convicted of second degree murder with an

18   enhancement for use of a deadly weapon.  Petition, p. 1.  Petitioner challenges the decision by the

19   California Board of Parole Hearings (BPH) finding him unsuitable for parole which became final

20   in January 2010.  Petitioner raises three grounds for his challenge: 1) the BPH's unlawful

21   practice of denying parole in 99.7% of initial parole hearings denied him an individualized parole

22   consideration[1]; 2) violation of due process because there was not "some evidence" in the record

23   to support BPH's finding that he poses a current unreasonable risk to public safety; 3) Marsy's

24   \\\\\

25   _____

26        [1]The court understands this claim to be a "bias of the adjudicator" due process claim.

Law[2] violates the ex post facto and due process clauses of the state and federal constitutions.  See
Petition.

As to claim 2, on January 24, 2011, the United States Supreme Court in a per
curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's
application of state law in applying the "some evidence" standard in the parole eligibility habeas
context.  Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24,
2011).  Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-
affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.   While the
high court found that the Ninth Circuit's holding that California law does create a liberty interest
in parole was "a reasonable application of our cases" (while explicitly not reviewing that
holding),[3] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process
> Clause requires fair procedures for its vindication-and federal
> courts will review the application of those constitutionally required
> procedures. In the context of parole, we have held that the
> procedures required are minimal.

Swarthout v. Cooke, at *2.

Citing Greenholtz,[4] the Supreme Court noted it had found under another state's
similar parole statute that a prisoner had "received adequate process" when "allowed an

---

[2] Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law).

[3] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent."  Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[4] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1  opportunity to be heard" and "provided a statement of the reasons why parole was denied."

2  Swarthout, at *2.  Noting their holding therein that "[t]he Constitution [] does not require more,"

3  the justices in the instances before them, found the prisoners had "received at least this amount of

4  process: They were allowed to speak at their parole hearings and to contest the evidence against

5  them, were afforded access to their records in advance, and were notified as to the reasons why

6  parole was denied."  Id.

7         The Supreme Court was emphatic in asserting "[t]hat should have been the

8  beginning and the end of the federal habeas courts' inquiry...."  Swarthout, at *3.  "It will not do

9  to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...."  Id.

10  "No opinion of ours supports converting California's "some evidence" rule into a substantive

11  federal requirement."  Id.  Thus, it appears there is no federal due process requirement for a

12  "some evidence" review and it also appears that federal courts are precluded from review of the

13  state court's application of its "some evidence" standard.  Therefore, this claim should be

14  dismissed.

15         As to claim 3, implicating Marsy's Law for his three-year parole denial, that claim

16  should be dismissed in light of the class action, Gilman v. Fisher, CIV-S-05-0830 LKK GGH.

17  The parameters of the Gilman class, as is made clear in the Order certifying the class, include

18  petitioner.  Order, filed on March 4, 2009, in Gilman v. Fisher, CIV-S-05-0830 LKK GGH.[5]

19         The Gilman class is made up of:

20         California state prisoners who: "(i) have been sentenced to a term
           that includes life; (ii) are serving sentences that include the

21         possibility of parole; (iii) are eligible for parole; and (iv) have been
           denied parole on one or more occasions."

22

23  Id., p. 10.[6]

24  _____

       [5] See Docket # 182 of Case No. 05-CV-0830.

25

26     [6] As noted in the October 18, 2010, Order, at p. 3, the Ninth Circuit affirmed the Order,
   certifying the class.  See Docket # 258 in Case No. 05-CV-0830.

1        What is at issue in the suit are: "the procedures used in determining suitability for

2  parole: the factors considered, the explanations given, and the frequency of the hearings."  Id., p.

3  8 [emphasis in original].  The "frequency of the hearings" is precisely what is at issue in the third

4  claim of the instant petition.

5        Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this

6  case.

7        IT IS HEREBY RECOMMENDED that claims 2 and 3 be dismissed from this

8  petition and this matter proceed only as to claim 1.

9        If petitioner files objections, he shall also address if a certificate of appealability

10  should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

11  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

12  constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

13  which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

14        These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

16  days after being served with these findings and recommendations, petitioner may file written

17  objections with the court.  Such a document should be captioned "Objections to Magistrate

18  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

19  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

20  Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  DATED: February 7, 2011

                /s/ Gregory G. Hollows

22                  _____

23                  GREGORY G. HOLLOWS

                  UNITED STATES MAGISTRATE JUDGE

24

25  GGH:009

    jose0260.scr

26