IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GONZALES JOSEPH,

    Petitioner,                    No. CIV S-11-0260 GGH P

    vs.

GARY SWARTHOUT,

    Respondent.                    <u>ORDER</u>

_____/

        Petitioner, a state prisoner now proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pro se's consent to the jurisdiction of the undersigned was filed on February 7, 2011. Following petitioner's counsel substitution into the case, counsel, on March 22, 2011, also filed a consent to the undersigned's jurisdiction.

        In light of the consent, the findings and recommendations, filed on February 7, 2011, will be re-designated as an order dismissing claims 2 and 3 from the petition and directing that the matter proceed only as to claim 1. Petitioner's objections to the findings and recommendation, filed on April 1, 2011, will now be construed as a motion for reconsideration of the February 7, 2011, order. The portion of the February 7, 2011, order directing that a district judge be assigned in this case is vacated.

1

1    Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In the instant action, petitioner seeks to limit the impact of Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011), by arguing, inter alia, that the Supreme Court in Cooke did not really reach the question of whether California state prisoners are protected by federal due process from arbitrary parole decisions; that the question as such was not actually raised; that the Cooke decision is not yet final in light of a March 10, 2011, motion for rehearing. See docket # 14, pp. 3-16. None of these arguments, or any others regarding, e.g., "minimum evidentiary requirements," are availing.

The petition for re-hearing to the Supreme Court has been denied. Swarthout v. Cooke, __ S. Ct.__, 2011 WL 1225812 (U.S. Apr. 04, 2011). The Ninth Circuit has noted the unequivocal decision in Cooke. See Pearson v. Muntz, __F.3d ___, 2011 WL 1238007 *5 (9th Cir. Apr. 5, 2011) (under Cooke, due process requires no more than that an inmate seeking parole have an "opportunity to be heard, a notification of the reasons as to denial of parole and access to their records in advance"); see also, Roberts v. Hartley, __F.3d __, 2011 WL 1365811 * 4 (9th Cir. Apr. 12, 2011) (California courts, not the Ninth Circuit, are responsible for proper application of "the constitutionally adequate procedures governing California's parole system..." citing Cooke, 131 S. Ct. at 86[3]). Petitioner does not dispute that the procedural safeguards were met.

Petitioner also makes an argument that he may proceed on his ex post facto claim and due process claims regarding the application of Marsy's Law because he can choose to opt out of the Gilman class[1] on the basis of an individualized showing. Docket # 14, p. 11, citing Garner v. Jones, 529 U.S. 244, 252, 120 S. Ct. 1362 (2000). To the extent that petitioner contends that such an application to petitioner is arbitrary and not connected to a public safety risk, it would appear to be somewhat undermined by the ruling in Cooke. Petitioner makes the point that the BPH in his case did express some frustration with having to apply a three-year denial to petitioner, when they wished it could be shorter.[2] Docket # 14, pp. 16-17, citing Petition, pp. 89, Exhibit B, pp. 115-116.[3] However, although petitioner's ultimate goal is a

---

[1] Gilman v. Schwarzenegger, CIV-S-05-0830 LKK GGH.

[2] The BPH, however, also stated: "[Y]ou can ask or petition to move your next hearing forward for the next consideration through change of circumstances. And I'm not saying that there will be a change of circumstances. It may be hard based on the factors we've used here today, but it may be something for you ... to think about because certainly I wouldn't be opposed to seeing you a little sooner than that after you sort of polish up those things we talked about." Petition, p. 227.

[3] By the court's electronic pagination, the relevant pages of the hearing transcript attached to the petition are 213-214.

speedier release from incarceration, the immediate relief sought on this ground vis-a-vis Marsy's Law is a speedier *opportunity* to *attempt* to convince BPH once again that he should be released; that is too attenuated from any past finding by the BPH of parole suitability for such a claim to sound in habeas. Rather, this claim is a challenge to the constitutionality of state procedures denying parole eligibility or suitability and could properly proceed pursuant to an action under 42 U.S.C. § 1983. Skinner v. Switzer, ___ U.S. ___, 2011 WL 767703 at *8 (Mar. 7, 2011) ("Success in his suit for DNA testing would not 'necessarily imply' the invalidity of his conviction"); id., citing Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005) ("Success...does not mean immediate release from confinement or a shorter stay in prison" but "at most [a] new eligibility review" or "a new parole hearing...."). Moreover, the High Court in Wilkinson expressly noted that a claim seeking "an injunction barring *future* unconstitutional procedures did *not* fall within habeas' exclusive domain." Id. at 81, 125 S.Ct. at 1247 [emphasis in original.] Even earlier, the Ninth Circuit had found that the challenge of inmates to a sex offender treatment program as a violation of, inter alia, the ex post facto clause and their due process rights was appropriate under § 1983 because victory could only result in "a ticket to get in the door of the parole board....," and did not undermine the validity of convictions or continued confinement. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997). This claim does not implicate the denial itself, and as petitioner was informed in the February 7, 2011, order, he fits within the parameters of the Gilman class action. Petitioner should not be permitted to proceed on the Marsy's law claim in this petition.

       Finally, although the court's February 7, 2011, order stated that petitioner should identify the issues for which he would seek a request for a certificate of appealability, the present request for such a certificate as to claims 2 and 3 is premature. Id., at 17-18. No judgment has yet been entered.

\\\\\

\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. In light of the consent, the Clerk of the Court is directed to re-designate the findings and recommendations, filed on February 7, 2011 (docket # 5), as an order dismissing claims 2 and 3 from the petition and directing that the matter proceeds only as to claim 1;

2. Petitioner's April 1, 2011 (docket # 14), objections are construed as a motion for reconsideration and the Clerk should note this in the case docket;

3. That portion of the February 7, 2011, order directing that a district judge be assigned to this case is vacated;

4. Upon reconsideration, this court's order of February 7, 2011, is affirmed;

5. Petitioner's request for a certificate of appealability as to claims 2 and 3 is denied as premature, no judgment in this action having yet been entered.

DATED: April 26, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
jose0260.ord2