IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GONZALES JOSEPH,

    Petitioner,               No. CIV S-11-0260 JAM GGH P

    vs.

GARY SWARTHOUT,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner now proceeding through appointed counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, convicted of second degree murder with an enhancement for use of a deadly weapon, was sentenced to a term of sixteen years to life with the possibility of parole in 1997. Petition, p. 1. Raising three grounds, petitioner has challenged the decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole at a hearing on September 30, 2009, which decision became final on January 28, 2010. See Petition, pp. 17- 94; 99-228[1] (copy of hearing transcript). Claims

\\\\

---

[1] The pages cited reference the court's pagination in the case's electronic docket.

1

2 and 3 were previously dismissed from the instant petition.[2]  See Orders, filed on February 7, 2011 and April 26, 2011.  Thus, this matter proceeds only as to the first ground, that BPH's unlawful practice of denying parole in 99.7% of initial parole hearings denied him an individualized parole consideration, which this court has understood as a "bias of the adjudicator" due process claim.  See Order, filed on Feb. 7, 2011, p. 1, fn. 1.  Pending before the court is respondent's motion to dismiss, filed on June 27, 2011, to which petitioner filed his opposition on July 22, 2011, and respondent filed a reply on August 2, 2011.

Petition

Petitioner, in his remaining claim that the BPH's "unlawful practice of denying parole in 99.7% of initial parole hearings deprived [him] of an individualized consideration for parole," notes that due process is required by both the state and federal constitutions before any person can be deprived of life, liberty or property.  Petition, p. 58.  Petitioner, who filed his petition pro se, goes on to argue that the state parole scheme creates a constitutionally protected liberty interest in parole for those prisoners serving life sentences with the possibility of parole, citing, inter alia, In re Rosenkrantz, 29 Cal.4th 616, 660 ,128 Cal. Rptr.2d 104 (2002) (noting state constitutional and statutory provisions give rise to a protected liberty interest under California's due process clause setting limits to governor's review of parole decision)  He cites Cal. Penal Code § 3041(b)[3] and In re Lawrence, 44 Cal.4th 1181, 1221, 82 Cal. Rptr.3d 169 (2008), in support of his contention that once a prisoner is eligible for parole, the BPH must grant it unless

---

[2] In ground 2, petitioner claimed a violation of due process because there was not "some evidence" in the record to support BPH's finding that he poses a current unreasonable risk to public safety and in ground three, petitioner averred that Marsy's Law violates the ex post facto and due process clauses of the state and federal constitutions.  See Petition.  Claim 2 was foreclosed by Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859 (2011), and claim 3 was dismissed in light of the Gilman v. Fisher, CIV-S-05-0830 LKK GGH, class action.

[3] "The panel or the board, sitting en banc, shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting."  Cal. Penal Code § 3041(b), in part.

the prisoner is determined to be unsuitable because he or she currently poses an unreasonable risk of danger to public safety. Id. Citing a number of cases, petitioner maintains that parole is the rule by state statute and state regulation rather than the exception as recognized by most state courts of appeal, citing a litany of primarily state appellate court cases. Id. Petitioner avers that the BPH's practice of denying parole in 99.7% of initial parole hearings violates the mandate of Cal. Penal Code § 3041 "normally" to grant parole when prisoners first become eligible. Id., at 59. Petitioner evidently predicates this percentage estimation on a declaration he submits as Exhibit M to his petition, submitted by an associate attorney, Thomas Master, at UnCommon Law, who was appointed as one of the attorneys representing the petitioner class consisting of life term inmates with untimely hearings under Cal. Penal Code §§ 3041 and 3041.5 in a Marin County Superior Court case, In re Rutherford, et al., Case No. SC135399A. The declaration is dated September 16, 2010, and states that, in relevant part, of the 5,848 initial hearings resulting in a decision over the ten and one-half years between January 2000 and January 2010, there were only 20 prisoners granted parole or .03%. Petition, Ex. M ¶ 5. Petitioner points to the BPH commissioner in his own hearing wherein petitioner avers he was told he was the best candidate for parole the commissioner had seen, that he had successfully rehabilitated, and that he put the R in CDCR; notwithstanding, the BPH simply refused to grant parole at initial hearings. Petition, p. 59. Petitioner's claim is that this alleged practice violates the statutory presumption that prisoners will be granted parole at initial hearings. Id.

Motion to Dismiss

Respondent moves for summary dismissal under Rule 4 of the Rules Governing § 2254 Cases, on the ground that petitioner has failed to state a cognizable claim for federal habeas relief under § 2245(a) and (d) and moves for dismissal under Rule . Motion to Dismiss (MTD), pp. 1-2. Respondent contends that petitioner's claim that the BPH's refusal to grant parole at initial parole consideration hearings is based on alleged errors of state law and fails to identify any federal law entitling him to relief. Id., at 2. Respondent is correct to the extent that he argues

1 that, under § 2254(a) and (d), federal habeas relief is unavailable to state prisoners unless he or
2 she "is in custody in violation of the Constitution of laws... of the United States."  MTD, p. 4;
3 citing 28 U.S.C. § 2254 (a); Premo v. Moore, ___ U.S. ___, 131 S. Ct. 733, 737 (2011)(stating
4 that under § 2254(d), there can be no federal habeas relief "with respect to any claim a state court
5 has adjudicated on the merits unless, among other exceptions, the state court's decision denying
6 relief involves 'an unreasonable application' of 'clearly established Federal law, as determined by
7 the Supreme Court of the United States'"); Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411,
8 1418-19 (2009) (under § 2254(d)(1), "a federal court may not grant a state prisoner's habeas
9 application unless the relevant state-court decision 'was contrary to, or involved an unreasonable
10 application of, clearly established Federal law, as determined by the Supreme Court of the United
11 States'").

12              Respondent observes that petitioner bears the burden in pleading the grounds for
13 relief – a higher burden than that of ordinary civil proceedings – and must specify the grounds on
14 which he claims relief with the supporting facts of every ground, contending that a petition which
15 fails to allege a violation of federal law may be dismissed for failure to state a claim.  MTD, p. 3,
16 citing Rules Governing § 2254 Cases, Rule 2(c); Mayle v. Felix, 545 U.S. 644, 655, 125 S. Ct.
17 2562 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The essence of
18 respondent's argument is that, while petitioner generally references the federal due process clause,
19 he cannot thereby transmute claimed errors of state law into federal violations.  Id., citing Poland
20 v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999), which relies, in turn, on Langford v. Day, 110 F.3d
21 1380, 1389-90 (9th Cir. 1996) (holding that a petitioner "may not [] transform a state-law issue
22 into a federal one merely by asserting a violation of due process" and that "alleged errors in the
23 application of state law are not cognizable in federal habeas corpus"); Little v. Crawford, 449 F.3d
24 1075, 1083 n.6 (9th Cir. 2006); Park v. California, 202 F.3d 1146, 1154 (9th Cir. 2000) (citing the
25 Fifth, Ninth, and Fourteenth Amendments not sufficient to state a due process claim where all
26 arguments related to California evidentiary law).  Respondent maintains that the substance of the

4

1 claim is an alleged violation of the California Penal Code and state case law, averring that
2 petitioner fails to "point to a real possibility of constitutional error."  MTD, pp. 3-4, citing
3 O'Bremski, supra, at 420.
4     Respondent concedes the undersigned's prior characterization of petitioner's claim
5 as one of a biased decision-maker, but argues that petitioner cites no Supreme Court authority in
6 support of a legitimate bias claim under federal law or any other federal claim.  Id., at 4.
7 Respondent also contends that petitioner's claim the BPH denied parole while recognizing
8 evidence that he was suitable for parole is a dispute with regard to the evidentiary basis of the
9 BPH decision, a basis on which he is foreclosed from proceeding under Swarthout.  Id., at 4, fn. 3.
10     *Opposition*
11     Petitioner counters that respondent is wrong on the facts and the law and that he
12 invoked the Fourteenth Amendment's due process clause by his claim that the BPH
13 commissioners, despite admitting that he had rehabilitated himself successfully, nevertheless
14 pursued "their unconstitutional and undisputed practice of denying parole in 99.7% of initial
15 parole hearings...."  Opposition (Opp.), pp. 1, 4-5.  Petitioner argues that the record shows that the
16 BPH denied him parole by applying the undisputed practice or policy in the face of requirements
17 that parole should be "normally" granted to eligible prisoners and despite finding him to be an
18 exceptional parole candidate.  Opp., pp. 4-5, citing Petition at Dkt # 1 & Dkt # 19, at pp. 39-42.
19 Petitioner accurately observes that abundant Supreme Court authority supports the principle "that
20 an impartial decisionmaker is fundamental to the due process clause's right to an opportunity to
21 be heard."  Opp., pp. 4-5, citing Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593 (1972)
22 (including a 'neutral and detached' hearing body as among the "minimum due process
23 requirements" for parole revocation hearings); Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S.
24 Ct. 1610  (1980) ("[t]he Due Process Clause entitles a person to an impartial and disinterested
25 tribunal in both civil and criminal cases); Schweiker v. McClure, 456 U.S. 188, 195, 102 S. Ct.
26 1665 (1982) ("due process demands impartiality on the part of those who function in judicial or

quasi-judicial capacities"); Hamdi v. Rumsfeld, 542 U.S. 507, 535, 124 S. Ct. 2633 (2004) (while the full panoply of protections available in other detention settings "may prove unworkable and inappropriate in the enemy-combatant setting, the threats to military operations posed by a basic system of independent review are not so weighty as to trump a citizen's core rights to challenge meaningfully the Government's case and to be heard by an impartial adjudicator"); Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir.), cert. denied, 454 U.S. 1102 (1981) (according the same absolute immunity to BPH officials from civil rights as exists for judges, noting both are required "to render impartial decisions.....").

Petitioner concedes that the petition references state law, but also contends that those state law "references properly outline the contours of the federal liberty interest created by California's statutory scheme, which bestows upon life prisoners a liberty interest in being 'normally' granted parole at their initial parole hearing." Opp., p. 5, citing Cal. Penal Code § 3041(a), Pearson v. Muntz, 625 F.3d 539, 549 (9th Cir. 2010), abrogated on other grounds by Swarthout v. Cooke, ___ U.S.___,131 S. Ct. 859 (substantive state law defines the scope of a federal due process right when that right is created by state law); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, et al., 442 U.S. 1, 12, 99 S. Ct. 2100. Petitioner posits that the California Supreme Court has held that the statutory mandate to 'normally' grant parole signifies that "parole is the rule, rather than the exception." Id., citing In re Lawrence, 44 Cal.4th at 1204 (quoting In re Smith, 114 Cal.App.4th 343, 366 (2003)); see also Dkt.# 1, at 58. "The Board's practice of denying parole in 99.7% of initial hearings conclusively demonstrates that the Board does not "normally" grant parole and that the Board was unlawfully predisposed to deny [petitioner] parole at his initial hearing." Id.

*Reply*

Observing there is a presumption of a lack of bias that must be overcome, respondent argues that petitioner has failed, in his actual allegations, to present a valid bias claim and has not made the requisite specific showing of a conflict of interest. Reply, p. 2, citing, inter

alia, O'Bremski v. Mass, 915 F.2d at 422 (a claim of bias may be framed where it is alleged that parole was denied due to a public outcry and the board expressly stated it would do everything legally possible to defer parole).  Respondent argues that petitioner has not made a prima facie showing that the BPH panel at his hearing "were subject to competing influences that would sway an ordinary person to disregard official duty in favor of personal interest" and that to accept a bias claim based on petitioner's allegations would necessitate the court's presuming a general bias against parole at initial parole consideration hearings by the BPH and to find that petitioner's challenge to the evidentiary basis of the panel's decision in his case was enough to establish that generalized bias notion. Id., at 3.  Respondent contends that petitioner's claim is not tenable in light of the standards set by Supreme Court authority for determining whether a decision maker is disinterested and impartial, referencing the Supreme Court cases cited by petitioner.  Id., at 2-3.

*Analysis*

The Supreme Court has long recognized that "[a] fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623 (1955); Withrow v. Larkin, 421 U.S. 35, 46, 95 S.Ct. 1456 (1975); Bracy v. Gramley, 520 U.S. 899, 904–05, 117 S.Ct. 1793 (1997); see also, Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995) "Fairness requires the absence of actual bias ... .and even the probability of unfairness." Murchison, 349 U.S. at 136.  As noted by petitioner, the Supreme Court counts a 'neutral and detached' hearing body as among the "minimum due process requirements" for a parole board. Morrissey v. Brewer, 408 U.S. at 489, 92 S. Ct. 2593.  "Because parole board officials perform tasks that are functionally comparable to those performed by the judiciary, they owe the same duty: 'to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at state.'" O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990).

In order to succeed on a biased parole board claim, petitioner "must overcome a presumption of honesty and integrity in those serving as adjudicators...." Withrow v. Larkin, 421

\\\\

U.S. at 47, 95 S.Ct. 1456.   To attempt to frame a claim of unconstitutional bias, a plaintiff[4] must show that the adjudicator "has prejudged, or reasonably appears to have prejudged, an issue." Stivers v. Pierce, 71 F.3d at 741, quoting Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir.1992) (quoting Partington v. Gedan, 880 F.2d 116, 135 (9th Cir. 1989) (Reinhardt, J. concurring and dissenting)), cert. denied, 506 U.S. 1054, 113 S.Ct. 979 (1993).

Denial of the "constitutional right to a fair hearing before an impartial tribunal" may be established in two ways:

> In some cases, the proceedings and surrounding circumstances may demonstrate *actual bias* on the part of the adjudicator.  See Taylor v. Hayes, 418 U.S. 488, 501-04, 94 S.Ct. 2697, 2704-06, 41 L.Ed.2d 897 (1974);  Cinderella Career and Finishing Schools, Inc. v. Federal Trade Comm'n, 425 F.2d 583, 591 (D.C.Cir.1970).   In other cases, the adjudicator's pecuniary or personal interest in the outcome of the proceedings may create an *appearance of partiality* that violates due process, even without any showing of actual bias. Gibson, 411 U.S. at 578, 93 S.Ct. at 1697-98; see also Exxon Corp. v. Heinze, 32 F.3d 1399, 1403 (9th Cir.1994) ("the Constitution is concerned not only with actual bias but also with 'the appearance of justice.'").

Stivers v. Pierce, 71 F.3d at 741 [Emphasis in original].

In this instance, petitioner has essentially alleged a claim of systemic, rather than personal, bias on the part of the BPH commissioners based on an alleged policy or practice of nearly wholesale denial of parole at initial parole hearings, notwithstanding the requirements of a state statutory and regulatory scheme, in violation of his federal right to due process.  Calling such allegations "conclusory and apparently erroneous," earlier cases have found the claim of a "no parole" policy at initial hearings does not state a claim for habeas relief.  See, e.g., Ochoa v. Marshall, 2009 WL 86563 * 8 (C.D. Cal. 2009), citing Lancaster v. Bd. of Prison Terms, 234 Fed. App'x. 588, at *1 (9th Cir. June 13, 2007) ("conclusory allegations" that BPH denied parole based

---

[4] Or, in this case, petitioner.

on an alleged "no parole" policy "cannot provide a basis for habeas relief"); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995), cert. denied, 517 U.S. 1143, 116 S.Ct. 1437 (1996) ("conclusory allegations ... not supported by a statement of specific facts do not warrant habeas relief"). In Ochoa, the Central District court noted:

> [D]uring the time Petitioner apparently contends that this "no parole" policy has been in force, the United States District Court for the Eastern District of California twice has observed that the Board has granted parole at several initial parole hearings. See Otte v. Mendoza-Powers, 2008 WL 351798, at *7 (E.D.Cal. Feb.6, 2008), adopted, 2008 WL 880565 (E.D.Cal. Mar.31, 2008); Morton v. Mendoza-Powers, 2007 WL 2688850, at *7 (E.D.Cal. Sept.13, 2007), adopted, 2008 WL 217498 (E.D.Cal. Jan.25, 2008).

Id. [5]

The instant allegations are sufficiently distinguishable, however, to frame a bias claim. Petitioner is quite precise in providing a percentage of denials, and in allowing that some (albeit a minuscule amount) initial BPH hearings result in parole grants. Nor are petitioner's allegations altogether conclusory, inasmuch as petitioner does allege specific supporting facts. Moreover, in both Eastern District cases cited the claims were denied after being submitted and not simply dismissed. Respondent appears to posit that unless there are "smoking gun" statements which unequivocally demonstrate that a decision maker has a pre-ordained decision, a petitioner will not have made out a bias claim. As in most bias situations, as clearly demonstrated in discrimination cases, such claims are more often proved by circumstantial evidence. In this case, that circumstantial evidence from which an inference can be drawn is the alleged 99.7% denials of parole despite statutory directive which might indicate that parole eligibility could very well be granted at a much higher percentage. Such an over whelming statistic of denial[6] gives rise

---

[5] But see Coleman v. BPT, 2005 WL 4629202 (E.D. Cal. 2005) finding that Governors Wilson and Davis exhibited bias with a "no parole" policy.

[6] This is tantamount to a "no parole" policy. The court need not opine at this point when the release percentage would be sufficiently high such that an inference of systemic bias created

to an inference of a pre-ordained determination, i.e., bias on the part of BPH decisionmakers. Although petitioner has, as respondent points out a significant burden to make the requisite showing of bias, and the undersigned by no means has made any factual findings of bias herein, petitioner has made sufficient allegations to withstand a motion to summarily dismiss.[7]

Accordingly, IT IS HEREBY Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, filed on June 27, 2011 (docket # 23), be denied; and

2. Respondent be directed to file an answer as to claim 1 within sixty (60) days of adoption of these findings and recommendations should that occur, and thereafter, within sixty days, petitioner be directed to file any reply/traverse.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\

\\\\

\\\\

\\\\

---

by a "no parole" policy could no longer be drawn, i.e., when does a "no parole"policy become a "some parole" policy.

[7] The undersigned notes from anecdotal reading that the state courts have recently been countermanding findings by the BPH and ordering a finding of parole eligibility.  Further it appears that the BPH itself has recently loosened the parole eligibility faucet – at least a little. Plaintiff's "99.7%" statistic is open to question at the present time – the most relevant time to this plaintiff.  However, these matters cannot be determined in a summary dismissal context.

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 12, 2011

/s/ Gregory G. Hollows  
_____  
GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:009  
jose0260.mtd